KAMENSKY, COHEN & RIECHELSON
BY: MARK D. LADERMAN, ESQUIRE (ML5949)
194 S. Broad St.
Trenton, NJ 08608
(609) 394-8585/609-394-8620 (fax)
Attorneys for the Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL LESKI,<br><br>                                  Plaintiff,<br><br>vs.<br><br>THE STATE OF NEW JERSEY, GARY LANIGAN, Commissioner of the Department of Corrections, THE DEPARTMENT OF CORRECTIONS, BAYSIDE STATE PRISON, CORRECTIONAL OFFICER BAKELEY, CORRECTIONAL OFFICER GREEN, JOHN DOES 1-10 (fictitious names), and JACK BLACK INC. 1-10 (fictitious names),<br><br>                                Defendants, | **CIVIL ACTION NO.:**<br><br>**<u>Civil Action</u>**<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Michael Leski, residing at 15 Johnson Road, in the Township of Lawrenceville, and State of New Jersey, by way of Complaint against the Defendants, and each of them, says:

### PARTIES

1. The State of New Jersey is the Governmental Entity responsible for all of its departments, divisions and/or any public entities as defined by the New Jersey Tort Claims Act 59:1-1, et seq.

2. Gary Lanigan is the Commissioner of the Department of Corrections of the State of New Jersey which department is responsible for the supervision of any and all correctional facilities within the State of New Jersey.

3. The Department of Corrections is a subdivision of the State of New Jersey and in such is a public entity as defined by law, specifically N.J.S.A. 59:1 – 1.

4. Bayside State Prison is a facility subject to the jurisdiction of the Department of Corrections located in Cumberland County, New Jersey.

5. Correctional Officer Bakeley and Correctional Officer Green are individuals employed by the State of New Jersey, Department of Corrections and who performed acts pursuant to the following claims herein set forth.

6. John Does 1 to 10 are fictitious names of persons who have performed acts pursuant to the following claims herein set forth. Upon information and belief, John Does 1-10 are employees of the State of New Jersey. Each John Doe is incorporated by reference to each paragraph claiming wrongdoing hereinafter set forth.

7. Jack Black, Inc., 1 to 10 are fictitious names of companies or any form of business entity that have performed acts pursuant to the following claims herein set forth. Each Jack Black is incorporated by reference to each paragraph claiming wrongdoing hereinafter set forth.

## COUNT I

### NEGLIGENCE AS TO ALL DEFENDANTS PURSUANT TO THE NEW JERSEY STATE TORT CLAIMS ACT (59:1-1 ET SEQ)

8. On or about June 1, 2014, the Plaintiff, Michael Leski, was an inmate at the Department of Corrections, Bayside State Prison.

9. At all relevant times herein, Defendants, The State of New Jersey, Gary Lanigan, Commissioner of the Department of Corrections, The Department of Corrections, Bayside State Prison, Correctional Officer Bakeley, Correctional Officer Green, John Does 1-10 (fictitious names), and Jack Black Inc. 1-10 (fictitious names) (hereinafter

referred to as "The Defendants and each of them) owned, operated, constructed, controlled and/or maintained a certain premises known as Bayside State Prison (hereinafter referred to as the "premises").

10. At all relevant times herein, Defendants and each of them were under a duty to fully and properly operate, control, supervise, manage, construct, repair and/or maintain the premises, and the structures appurtenant, thereto, in a safe condition, such as would be reasonably safe for persons lawfully entering upon or using the "premises", and the structures appurtenant thereto.

11. At all relevant times herein, Defendants and each of them were under a duty to provide safety, security, care, and custody for each inmate at Bayside State Prison.

12. At all relevant times herein, Defendants, and each of them were under a duty to fully and properly supervise and maintain the safety and security of Plaintiff.

13. On or about June 1, 2014, Plaintiff was attacked and assaulted by Correctional Officer Bakeley, Correctional Officer Green, and John Does 1-10, and due to the negligence of the Defendants and each of them, caused to sustain permanent and serious injuries.

14. Defendants and each of them refused to provide immediate medical attention to Plaintiff.

15. As a direct and proximate result of the aforesaid negligence, the Plaintiff sustained serious and permanent injuries.

16. The aforementioned injuries and damages were caused as a result of the negligence and carelessness of the Defendants, and each of them, without any fault or negligence on the part of Plaintiff contributing thereto.

17. Plaintiff's injuries were caused by the Defendant and each of them due to:

a. Defendants and each of them failed to exercise reasonable care in the maintenance of the premises and the structures appurtenant thereto;

b. Defendants and each of them failed to take adequate steps to warn individuals such as the Plaintiff of any dangers with respect to premises and the structures appurtenant thereto;

c. Defendants and each of them failed to properly maintain or cause to have maintained the premises and the structures appurtenant thereto in a reasonably safe condition for individuals such as the Plaintiff;

d. Defendants and each of them failed to create and/or failed to utilize proper procedures to prevent hazardous conditions;

e. Defendants and each of them allowed to exist on the premises and the structures appurtenant thereto a hazardous condition which it knew, or in the exercise of due care and diligence should have known existed; and

f. The Defendants and each of them failed to properly supervise the Plaintiff prior to exposing him to the dangers hereinbefore referred to;

g. The Defendants and each of them failed to properly train its employees to maintain the safety and security of the inmates;

h. The Defendants and each of them failed to provide immediate medical attention to Plaintiff;

i. Such other acts of negligence, unknown to Plaintiff, as may be learned during the course of discovery.

WHEREFORE, Plaintiff, Michael Leski, demands judgment against the Defendants, and each of them, individually, jointly, severally and in the alternative for damages, together with interest and costs of suit on Count One of this Complaint.

## COUNT II (AGENCY)

18. Plaintiff repeats the allegations contained above as if herein repeated at length.

19. At all times relevant herein, the Defendants and each of them, were an agent of the State of New Jersey and/or an employee of the State of New Jersey or Public Entities of the State of New Jersey as defined by the laws of New Jersey, including, but not limited to NJSA 59:1-1, et seq.

20. At all relevant times herein, Defendants and each of them were acting within the course and scope of their agency.

WHEREFORE Plaintiff demands judgment against the defendants, individually, jointly and severally and in the alternative for compensatory and punitive damages and attorney's fees, interest and costs of suit and any other relief allowable at law or equity and deemed proper by this Honorable Court.

## COUNT III
## WILLFUL WANTON AND RECKLESS CONDUCT AS TO DEFENDANTS CORRECTIONAL OFFICER BAKELEY, CORRECTIONAL OFFICER GREEN, AND JOHN DOES 1-10

21. Plaintiff repeats the allegations contained above as if herein repeated at length.

22. The Defendants Correctional Officer Bakeley, Correctional Officer Green, and John Does 1-10 were recklessly indifferent to the dangers posed to the Plaintiff and failed to provide any security whatsoever to the Plaintiff prior to exposing the Plaintiff to the attack that Defendants John Does 1-10 knew, or should have known, presented an extremely dangerous circumstance to the Plaintiff.

23. The actions aforementioned constitute willful, wanton and/or reckless endangerment of the Plaintiff who was required due to his inmate status to follow the directives of the Defendants Correctional Officer Bakeley, Correctional Officer Green, and John Does 1-10.

**WHEREFORE**, Plaintiff, Michael Leski, demands judgment against the Defendants for punitive damages, together with interest and costs of suit, and all other relief allowable at law or equity on Count III of this Complaint.

<u>**COUNT IV**</u>
<u>**CIVIL RIGHTS CLAIM PURSUANT TO 42 USC §1983, ET SEQ**</u>
<u>**AGAINST ALL DEFENDANTS**</u>

24. Plaintiff incorporates by reference all allegations set forth above as if repeated herein at length.

25. All Defendants herein referred to acted under color of state law in the performance of their duties as herein set forth.

26. The Defendants and each of them had a duty to maintain the safety and security of the inmates.

27. The Defendants and each of them had a duty to adequately train and supervise their staff in the performance of their duties.

28. The Defendants and each of them had a duty to adequately train inmates under their control and supervision for duties to which they were required to perform as prisoners of the institutions to which they were assigned.

29. Said defendants were deliberately indifferent to such duties and thereby proximately caused injury to Plaintiff as complained of herein.

**WHEREFORE,** Plaintiff, Michael Leski, demands judgment against the Defendants and each of them for compensatory damages, special damages, punitive damages and for costs of suit and reasonable attorneys' fees pursuant to statute; and for all other relief to which they may be legally entitled and deemed just and equitable by this Court.

## DEMAND FOR JURY TRIAL

**PLEASE TAKE NOTICE** that Plaintiff demands a trial by jury on all Counts of the within Complaint.

                                                Law Office of
                                                **KAMENSKY COHEN & RIECHELSON**
                                                Attorneys for Plaintiff

By: _____
                                                MARK D. LADERMAN, ESQUIRE,

Dated: 6/1/16